### Robert A. Waddell, Appellee, v. John A. Noser, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

#### Statement of the Case.

Action by Robert A. Waddell against John A. Noser to recover a broker's commission for the sale of real estate owned by defendant. The declaration was composed of two counts, one for money laid out and expended and the other for work, labor and services rendered by plaintiff in effecting a sale of said property. There was a plea of general issue and a judgment on a verdict of the jury for $329. To reverse the judgment, defendant appeals.

The facts showed that defendant employed plaintiff to find a satisfactory exchange of his flouring mill and other vacant real estate; that plaintiff found a party by the name of Rowden who had some houses in St. Louis he was willing to exchange, and that when Rowden went with plaintiff to inspect defendant's

property the defendant, on being informed that Rowden's houses were covered by mortgages, discontinued further negotiations and Rowden went to the station to take a train back to St. Louis. Before Rowden could get a train, defendant went to the station and made a contract with him to trade his mill for one of the houses. Rowden took the mill at a valuation of $6,700, and in payment therefor defendant took one of the houses valued at $9,000 subject to an incumbrance of $3,800, leaving an equity therein of $5,200, and a mortgage back on the mill for $1,500, making in all $6,700.

The theory of the defense was that plaintiff did not fulfil his contract to find defendant a buyer or a trade for the amount of the consideration agreed on; that the original negotiations were abandoned and a new trade consummated entirely different from the original, for which plaintiff was not entitled to any commission, because he was not the efficient cause of the consummation of the same; and that as plaintiff had not carried out the special contract between the parties he was entitled only to what his services were reasonably worth under a *quantum meruit*.

RALPH E. SPRIGG and J. FRED GILSTER, for appellant.

H. CLAY HORNER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 84*—*when evidence as to value of property exchanged inadmissible.* In an action for brokerage commissions for negotiating an exchange of property, rejection of evidence offered by defendant concerning the actual value of the property taken by defendant in exchange, *held* not error where the parties put a value on the property in making the trade.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. BROKERS, § 64*—*computation of commissions.* For the purpose of calculating an agent's commissions on an exchange of property, the property taken by the principal must be assumed to be worth the value placed upon it by the parties to the trade at the time the contract was consummated.

3. BROKERS, § 95*—*when requested instruction properly refused.* In an action for brokerage commissions on an exchange of real estate, a requested instruction based on the theory that the contract as consummated between the defendant and purchaser was wholly different from the contract contemplated between the broker and the purchaser, the broker if entitled to recover at all could recover only on a *quantum meruit* for services rendered, *held* properly refused for the reason that the contract of exchange was not wholly different from the contract as contemplated between the broker and purchaser.

4. BROKERS, § 64*—*when consummated contract by principal does not defeat right to commissions.* A contemplated contract entered into between a broker and a purchaser to exchange the principal's flouring mill and other real estate for three houses belonging to the purchaser, and a consummated contract later entered into between the purchaser and the principal to exchange the mill for one of the houses, *held* not to be so different as to require the broker to recover on a *quantum meruit* for his services rather than upon his express contract for commissions.

5. BROKERS, § 95*—*when requested instruction properly refused.* A requested instruction stating a rule of law to govern the jury in case they found that the negotiations for the exchange of the properties had been abandoned by the principal and purchaser, *held* properly refused where there was no proof of any abandonment of negotiations by the parties.

6. BROKERS, § 97*—*when requested instruction properly refused as misleading.* A requested instruction telling the jury that a person employed to make a sale of property is not entitled to a commission where he is not the efficient cause of the consummation of the transaction for which the recovery of commission is sought, *held* properly refused as misleading in the case, as tending to cause the jury to believe that plaintiff was not entitled to recover unless he had directly brought about the trade exactly as consummated.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic, and section number.